IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF 2122 21st Road North Arlington, Virginia, *And* IN THE MATTER OF THE SEARCH OF University of Management and Technology, | Civil No. 1:17-cr-00236 Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on Appellant Yanping Chen Frame's objection to Magistrate Judge Anderson's denial of Appellant's Motion to Show Cause. *See* Dkt. 1. On September 26, 2017, Judge Anderson denied Appellant's motion for a show cause hearing seeking to particularize the Government's alleged violation of Federal Rule of Criminal Procedure 6(e), the Government's authority to search and seize pursuant to a warrant of this Court, and the Privacy Act. *Id.* On December 8, 2017, this Court heard arguments on Appellant's objection, and took the matter under advisement. *See* Dkt. 11. Having considered the arguments and the pleadings, and for good cause shown, the Court hereby **APPROVES AND ADOPTS** Magistrate Judge Anderson's decision in full.

### I. Background

Appellant, Dr. Yanping Chen Frame, is a naturalized United States citizen who emigrated from the People's Republic of China ("PRC") in 1987. On December 3, 2012, the Government sought and received from Magistrate Judge Anderson warrants to search Appellant's home and the offices of the University of Management and Technology ("UMT"), a for-profit institution owned by Appellant. The applications relied on an affidavit by Special Agent Timothy Pappa of

1

the Federal Bureau of Investigation which alleged that Appellant concealed her past PRC military involvement on her immigration applications. When the searches were executed, several news organizations were present. Fox News subsequently reported on the searches. Appellant claims that the reports "drew heavily, if not exclusively, from the file of the investigation of Appellant." Dkt. 1 at 4. Specifically, the television broadcasts included images which Appellant claims were "copied from family photographs seized in the search of Appellant's home." *Id.* Appellant has sworn that the seized photographs in question were the sole copies. Appellant also asserts that Fox News published portions of Appellant's immigration records, an FBI 302 of an interview with Appellant's daughter, and a document revealing the investigation as a counter-espionage matter. *Id.* Fox News also published comments from Stephen Rhoads, a former employee of UMT.

On March 10, 2017, Appellant filed a motion to show cause why sanctions should not issue, arguing that the Government had violated grand jury secrecy by intentionally leaking documents obtained during the searches, and that the Government had violated the Court's sealing order. *See* Dkt. 1-2 at 2. In May of 2017, Appellant filed a second motion to show cause, this time based on an alleged violation of the Privacy Act. Judge Anderson denied the motions, and Appellant subsequently objected on the grounds that Magistrate Judge Anderson incorrectly found (a) that Appellant had failed to make a *prima facie* showing that the Government had violated Federal Rule of Criminal Procedure 6(e); (b) that Magistrate Judge Anderson had no authority to sanction an abuse by the Government of the authority conferred by the Court to search for and seize evidence; and (c) that Magistrate Judge Anderson had no jurisdiction to pursue a violation of the Privacy Act since an order to show cause is not an articulated remedy

under the Act. The Court affirms Magistrate Judge Anderson on all three counts, for the reasons described below.

**II.  Analysis**

   *a. Federal Rule of Criminal Procedure 6(e)*

Federal Rule of Criminal Procedure 6(e) addresses the recording and disclosing of grand jury proceedings. It applies only to "matters occurring before the grand jury," and does not apply to documents and other materials obtained through other sources during the course of an investigation conducted by a law enforcement agency. *See United States v. Rosen*, 471 F. Supp. 2d 651, 655 (E.D. Va. 2007) (Ellis, J.). As Judge Ellis explained in *Rosen*,

> It is important to bear in mind that law enforcement investigations typically precede, or occur simultaneously with but independently of, grand jury investigations. Leaks of information from law enforcement investigations that relate to matters under grand jury investigation do not concern "matters before the grand jury," unless, of course, they disclose secret details about proceedings inside the grand jury room.

*Id.* Importantly, statements by the government about a law enforcement investigation are not the same as statements about a grand jury investigation. *Id.* (noting that the latter is a Rule 6(e) violation but the former is not). "Courts have therefore sensibly determined that a hearing on a claimed Rule 6(e) violation will not be held absent a showing of a *prima facie* Rule 6(e) violation." *Id.* at 656.

The Court in *Rosen* established the floor of a *prima facie* case for a Rule 6(e) violation, which requires Appellant to show, at minimum, "the detail and specificity necessary to reflect a disclosure of 'matters occurring before a grand jury.'" *Id.* The Court noted that the media reports at issue in *Rosen* did not identify grand jury witnesses, did not disclose questions that were asked or would be asked of witnesses in the grand jury, and did not describe or summarize a grand jury

investigation, and therefore held that the movant had failed to make a *prima facie* case. *Id.* Similarly, in this case, Appellant has not alleged disclosures with sufficient detail and specificity to reflect "matters occurring before a grand jury."

Appellant claims that Fox News disclosed the identity of a grand jury witness because Mr. Rhoads described himself as "working with the FBI," and stated that he had been called to testify before a grand jury. *See* Dkt. 1 at 5. Appellant argues that this constitutes a disclosure of a grand jury witness, and even asserts that because Mr. Rhoads has described himself as "working with" the FBI, he is a "*de facto* agent of same." *Id.* This is not the law. An individual's mere statement that he is "working with" the government is insufficient to establish an agency relationship. *See* 3 Am. Jur. 2d Agency § 14 ("An agency relationship results from the manifestation of consent by the principal that the agent will act on his or her behalf and subject to his or her control, with a correlative manifestation of consent by the agent to act on his or her behalf and subject to his or her control."); *see also Thomas v. Cox*, 708 F.2d 132, 136 (4th Cir. 1983) (explaining that there is no bright-line test to determine whether a citizen is acting as an agent of the state, and declining to find an agency relationship where a self-initiated informant contacted the government with information about the defendant). Nothing in the record in this case suggests that whatever may have been discussed with or disclosed to the media by Mr. Rhoads was done pursuant to FBI instructions.

Not only has Appellant failed to establish that Mr. Rhoads was a "*de facto* agent" of the FBI, Appellant has made no showing that Mr. Rhoads was the Fox News reports' sole source; one article mentioned eighteen other sources for the story. *See* Dkt. 8 at 3-5. Therefore, even assuming that Mr. Rhoads was a grand jury witness, there is no evidence that the Government (or anyone else bound by Fed. R. Crim. P. 6(e)) disclosed that fact. This, in conjunction with the

4

lack of detail and specificity regarding the contents of any witness questioning or testimony, lead the Court to conclude that Appellant has failed to make the *prima facie* showing for a hearing on an alleged Rule 6(e) violation.

      *b. Federal Rule of Criminal Procedure 41*

Federal Rule of Criminal Procedure 41 enumerates the actions a magistrate judge may take with respect to search warrant proceedings. Under Fed. R. Crim. P. 41(b)(1), a "magistrate judge with authority in the district . . . has authority to issue a warrant to search for and seize a person or property located within the district . . . ." Rule 41(g) allows an owner of seized property to move for its return, and instructs that such motion should be filed in the district where the property was seized, at which point "the court must receive evidence on any factual issue necessary to decide the motion [and if] it grants the motion, the court must return the property to the movant . . . ." Fed. R. Crim. P. 41.

Appellant argues that Judge Anderson erred in holding that Rule 41 provided no authority for him to examine the Government's alleged misconduct in an evidentiary hearing. Dkt. 1 at 7. Appellant contends that "the Government was in possession of the disclosed documents solely by virtue of the Court's order" issuing the search warrant, and that because the Court defined the parameters of the search (including the date, time, and scope of the search), the Court "had authority to determine whether the search had exceeded [those] parameters." *Id.* Appellant also cites Fed. R. Crim. P. 41 for the proposition that the Court has continuing authority over property seized pursuant to its warrant. *See* Dkt. 1 at 7.

However, as noted by Magistrate Judge Anderson, Rule 41 does not authorize a court to manage the collection, storage, or use of property obtained pursuant to a search warrant, other than ordering the return of such property. *See* Fed. R. Crim. P. 41. Appellant has not provided

5

the Court with any case law or other authority in which a magistrate judge addressed the improper disclosure of information obtained through a search warrant he or she had issued, nor is the Court aware of any.

Appellant is correct that courts "invested with the judicial power of the United States have certain inherent authority to protect their proceedings and judgments in the course of discharging their traditional responsibilities" (*Degen v. United States*, 517 U.S. 820, 823 (1996)), and it is also true that courts have inherent power to sanction to "impose order, respect, decorum, silence, and compliance with lawful mandates." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991) ("Federal courts have the inherent power to manage their own proceedings and to control the conduct of those who appear before them."). The Fourth Circuit has explained that the court's inherent power is "organic, without need of a statute or rule for its definition." *Shaffer*, 11 F.3d at 461. A court may issue orders, punish for contempt, and conduct investigations as necessary to exercise the power. *Id.* at 462.

However, Appellant has presented very little evidence to suggest that it was the Government who disclosed to the media documents seized during the execution of the search warrant; i.e., very little evidence to support her claim that the Government has flouted the authority of this Court. Under such circumstances, and given that a court's inherent power must be exercised with the "greatest restraint and caution, and then only to the extent necessary," Magistrate Judge Anderson did not err when he concluded that he had no authority to hold a show cause hearing to "develop the record" as to the alleged misconduct. *Id.*; *see also Degen*, 517 U.S. at 823; Dkt. 1 at 6.

    c.   *Privacy Act*

Finally, Appellant sought relief pursuant to the Privacy Act, 5 U.S.C. § 552a. Magistrate Judge Anderson found he had no jurisdiction to pursue the Privacy Act's implications because a show cause hearing is not an enumerated remedy of the Act.

The Privacy Act was enacted in 1974 to "regulate the collection, maintenance, use, and dissemination of information" by federal agencies "in order to protect the privacy of individuals identified in information systems maintained" by those agencies. *See Doe v. Chao*, 540 U.S. 614, 618 (2004). Under the Privacy Act, "no agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b).[1] The Act further instructs that "each agency that maintains a system of records" shall, upon request of an individual to gain access to his record or to any information pertaining to him contained in the system, permit the individual to review the record. 5 U.S.C. § 552a(d). The Privacy Act's civil remedies section, 5 U.S.C. § 552a(g), entitles an individual to bring a civil action against an agency that fails to comply with the provisions of the Act. The individual "may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." *Id.*

To prevail on a wrongful disclosure claim under the Privacy Act, a movant must show that (1) the disclosed information is a "record" contained within a "system of records"; (2) the agency improperly disclosed information; (3) disclosure was willful or intentional; and (4) disclosure adversely affected the movant. *See Piccone v. U.S. Patent & Trademark Office*, No. 1:15-CV-536, 2015 WL 6499687, at *5 (E.D. Va. Oct. 27, 2015); *Cloonan v. Holder*, 768 F. Supp. 2d 154, 163 (D.D.C. 2011). Appellant's attempt to meet this standard with regard to her

---

[1] There are several exceptions to this rule that do not apply here.

complaint about the Government's alleged disclosure of items seized during the search of her home fails in multiple respects.

First, Appellant has failed to show that evidence seized during a search conducted in a criminal investigation constitutes records that are "contained in a system of records" under the Privacy Act. The Privacy Act defines the term "system of records" to mean "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). Appellant has made no showing that the information she asserts was disclosed by the Government was within such a system. *See* Dkt. 1; Dkt. 10; *see also* Dkt. 8 at 8-10.

Even if items seized during a government search warrant could be considered part of a "system of records," the Court has been unable to find any prior case in which the disclosure of an item seized during the execution of a search warrant was found to constitute a violation of the Privacy Act. As the Government notes, applying the requirements of the Privacy Act to evidence sought by a search warrant would lead to illogical results. The Act requires an agency that maintains a system of records to "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him . . . to review the record and have a copy made of all or any portion thereof." 5 U.S.C. § 552a(d). It defies logic to conclude that Congress intended the Privacy Act to require government agencies such as the FBI to permit the subject of a criminal investigation "to gain access to his record or to any information pertaining to him which is contained in the system." Indeed, Appellant seems to acknowledge this fact, admitting that a hearing before a magistrate judge would "not constitute a

remedy [but] would be simply a means . . . of seeking to particularize the Government's violation." Dkt. 1 at 8.

Finally, even if there were a violation of the Privacy Act arising from an alleged disclosure of information obtained in a search warrant, jurisdiction would arise from that statute, which requires an original civil action filed with the district court. *See* 5 U.S.C. § 552a(g). A hearing before the magistrate judge who authorized the warrant would not be an appropriate forum in which to make an original Privacy Act claim. Rather, Appellant would better pursue the avenues for civil relief provided by the Privacy Act, such as a civil complaint in which Appellant could be entitled to obtain discovery related to the manner in which the information was disclosed to Fox News.

### III.  Conclusion

The Court agrees with Magistrate Judge Anderson that Appellant has alleged a troubling series of events in which information seized during a Court-authorized search may have been wrongfully disclosed to news organizations. However, for the reasons described above and for the reasons stated in the December 8, 2017 hearing, Appellant has failed to establish a *prima facie* case of a Fed. R. Crim. P. 6(e) violation, has failed to show that Rule 41 authorizes Magistrate Judge Anderson to hold the show cause hearing sought, and has failed to show that the Privacy Act entitles her to the relief sought before Judge Anderson. Therefore, the Court hereby **APPROVES AND ADOPTS IN FULL** Magistrate Judge Anderson's Memorandum Opinion and Order (Dkt. 26).

**IT IS SO ORDERED.**

January 23, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge

9